# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **LYNN MAUK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00342** |
| | ) | **Judge Aleta A. Trauger** |
| **JOSEPH THEODORE and KLLM** | ) | |
| **TRANSPORT SERVICES, LLC d/b/a** | ) | |
| **KLLM LOGISTICS SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM</u>

Before the court is the Motion for Summary Judgment (Doc. No. 33), filed by Auto-Owners Insurance Company ("Auto-Owners"). The motion is effectively unopposed and, as set forth herein, will be granted.

## I.      BACKGROUND

Plaintiff Lynn Mauk initiated this action in the Circuit Court for Davidson County, Tennessee in February 2025, naming as defendants "John Doe" and KLLM Transport Services, LLC ("KLLM"). (*See* Doc. No. 1-1.) The state court record filed in this court when KLLM removed the case shows that the plaintiff, in accordance with the procedures set forth by Tennessee statute, served John Doe by serving Auto-Owners as the plaintiff's uninsured/underinsured motorist ("UM") carrier. (*See* Doc. No. 1-1 at 35–47.)  The initial Complaint asserted negligence and negligence *per se* claims arising from an automobile collision on Interstate 65 within Davidson County, Tennessee, during which the defendant identified as "John Doe" "operated a motor vehicle in a negligent or reckless manner," striking the vehicle "containing" the plaintiff and causing him personal injuries. (Compl. ¶¶ 4, 6-7.) The original Complaint implied, but did not actually state,

that John Doe was a truck driver employed by KLLM. After KLLM removed the case to this court on the basis of diversity jurisdiction, the plaintiff filed his First Amended Complaint ("FAC") (Doc. No. 13), specifically pleading that John Doe was "the driver of the truck and semi-trailer owned and/or operated by Defendant KLLM" and responsible for the vehicular accident that caused his injuries.

The plaintiff served his initial disclosures on KLLM and Auto-Owners on August 11, 2025, providing the physical characteristics of the unknown driver of the KLLM truck that he alleges hit the plaintiff's vehicle. (Doc. No. 33-1 at 1.) In response, KLLM served its initial disclosures, identifying, as an individual likely to have discoverable information, Joseph Theodore as the driver of the KLLM truck that plaintiff "identified as being involved in the alleged accident." (Doc. No. 33-2 at 1.) KLLM added, however, that the information possessed by Theodore included knowledge of the "fact that he was not involved in the alleged accident" and knowledge of "the condition of the tractor-trailer he was driving following the alleged accident." (*Id.*) Even before serving its initial disclosures, KLLM had filed an Answer to the FAC, repeatedly denying that it was involved in the alleged accident and denying that John Doe—to the extent the plaintiff claimed that John Doe was the driver of the KLLM truck identified by the plaintiff as involved in the accident—was negligent or involved in the alleged accident. For example, in answer to the allegation that "Defendant Doe had a duty and failed to pay proper attention to the roadway and traffic in front of him" (FAC ¶ 29), KLLM stated:

> KLLM denies that it was involved in the alleged accident, and therefore, to the extent that Plaintiff asserts that Defendant Doe is the driver of KLLM's tractor-trailer identified by Plaintiff, the allegations contained in Paragraph 29 of the First Amended Complaint are denied. To the extent that Defendant Doe is some other driver who is not associated with KLLM in any way, KLLM does not have sufficient knowledge or information to form a belief regarding the truthfulness of the allegations contained in Paragraph 29 of the First Amended Complaint, and therefore, those allegations are denied and strict proof is demanded.

(Doc. No. 15, Answer to FAC ¶ 15.)

KLLM's initial disclosures also confirmed that it had insurance coverage with limits of $2,000,000. (Doc. No. 33-2 at 7.) Auto-Owners served initial disclosures showing insurance limits of $1,000,000. (Doc. No. 33-3 at 4.)

After KLLM identified Joseph Theodore as the driver of the KLLM truck identified by the plaintiff, the plaintiff sought and was granted leave to file a Second Amended Complaint ("SAC"), substituting Joseph Theodore for John Doe in the case caption and in every paragraph of the pleading that previously referred to John Doe. (*See generally* Doc. No. 28, SAC.) KLLM and Theodore collectively answered the SAC, admitting that "Mr. Theodore was the driver of the KLLM tractor-trailer identified in the photograph taken by Plaintiff" but "deny[ing] that they were involved in the alleged accident." (Doc. No. 31, Answer to SAC ¶ 3.) The SAC, that is, omits any reference to a John Doe defendant.

Auto-Owners then filed the present Motion for Summary Judgment, along with a Memorandum of Law (Doc. No. 34) and Statement of Undisputed Material Facts ("SUMF") (Doc. No. 35). The defendants and the plaintiff both filed Responses to the SUMF (Doc. Nos. 36, 38-1), confirming that there are no material factual disputes for purposes of Auto-Owners' motion.

In support of its motion, Auto-Owners argues that, because John Doe is no longer named as a defendant in this action, Auto-Owners, through whom John Doe was served when his identity was unknown, is now only in this suit as the plaintiff's UM carrier. The statute of limitations has now expired, making it impossible for the plaintiff to add a *different* John Doe defendant who might have been responsible for the vehicular accident. And Tennessee law forbids the stacking of insurance policies, barring the plaintiff in this case from recovering from Auto-Owners' UM policy where KLLM's policy has higher limits. (*See* Doc. No. 34 at 6–8.)

The defendants filed a Response to the Motion for Summary Judgment, asserting that they do not oppose the motion. (*See* Doc. No. 37 at 1 ("Plaintiff is free to sue or not sue who[m]ever he chooses. If his decisions in this action have resulted in a waiver of coverage under his uninsured/underinsured motorist insurance with Auto-Owners, as argued by Auto-Owners in the motion, then that result is of no direct concern to Defendants.").) The defendants make it clear in their Response, however, that they do not in any way waive their previously asserted factual defense—that the defendants were not involved in the subject accident. (*Id.*)

Auto-Owners filed a Reply (Doc. No. 39), in which it contends that the defendants' failure to raise a "John Doe" defense constitutes a waiver of such a defense. The defendants, with permission, filed a Sur-Reply, insisting again that they have not waived any defenses and arguing more generally that "[t]he analysis of Auto-Owners' motion should begin and end with [the] procedural issues [raised in its motion]. There is no need to consider the facts of the case or impact Defendants' ability to defend themselves." (Doc. No. 42 at 2.)

The plaintiff also filed a Response to the Motion for Summary Judgment, acknowledging that the SAC removed defendant John Doe from the case and expressly recognizing that the defendants "d[o] not admit that Joseph Theordore is the driver of the KLLM truck which impacted Plaintiff's vehicle." (Doc. No. 38 at 2.)[1] The plaintiff requested, however, that the court defer ruling on the Motion for Summary Judgment until fact discovery had been completed and the plaintiff had had the opportunity to depose Theodore and KLLM. (*Id.*)

On January 29, 2026, the court granted the plaintiff's request, giving him four months—until May 1, 2026—to respond fully to Auto-Owners' Motion for Summary Judgment. (Doc. No.

---

[1] The plaintiff incorrectly states that the defendants do not allege comparative fault as an affirmative defense. (Doc. No. 38 at 2.) They clearly do. (Doc. No. 31 at 12, Affirmative Defense Nos. 5, 7.) They just deny knowledge of who may have caused the accident.

45.) Although discovery deadlines have been extended, the plaintiff has neither requested an extension of that deadline nor filed a supplemental response to the Motion for Summary Judgment, as a result of which the court deems it unopposed.

## II. RULE 56 STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, any party "may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

## III. DISCUSSION

There are no factual disputes for purposes of Auto-Owners' motion, and the defendants and plaintiff both effectively concede that Auto-Owners is entitled to judgment as a matter of law on the undisputed facts. It was only in this case originally under Tenn. Code Ann. § 56-7-1206, for purposes of allowing the plaintiff to come within Auto-Owners' UM policy provisions, based on the claims against John Doe as the unknown operator of the motor vehicle that caused the plaintiff's injuries. The SAC, which supersedes the FAC, omits any reference to John Doe, making service upon Auto-Owners irrelevant.

The court, accordingly, finds that Auto-Owners is entitled to judgment as a matter of law and dismissal from this lawsuit. The court, in reaching that conclusion, has no need to address Auto-Owners' arguments regarding the waiver of any defenses by the defendants. First, it is not apparent to the court that Auto-Owners' Motion for Summary Judgment implicates any of those defenses. Second, once Auto-Owners is dismissed from this suit, it lacks standing to raise any claims regarding another party's purported waiver of affirmative defenses.

In addition, while it also seems clear that claims against any other John Doe defendant would now be time-barred and would not be subject to relation-back under Federal Rule of Civil

Procedure 15, that issue is not before the court, as the plaintiff has not sought to add another John Doe defendant.

## IV.    CONCLUSION

For the reasons set forth herein, Auto-Owners' Motion for Summary Judgment (Doc. No. 33) will be granted. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge